NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ERIC MALONE,**

*Plaintiff-Appellant*

**v.**

**TOYOTA MOTOR SALES,**

*Defendant-Appellee*

_____

2024-1340

_____

Appeal from the United States District Court for the Central District of California in No. 2:22-cv-00929-FMO-PVC, Judge Fernando M. Olguin.

-------------------------------------------------

**ERIC MALONE,**

*Plaintiff-Appellant*

**v.**

**TOYOTA MOTOR SALES,**

*Defendant-Appellee*

_____

2024-1341

_____

2                              MALONE v. TOYOTA MOTOR SALES

Appeal from the United States District Court for the Central District of California in No. 2:22-cv-00929-FMO-PVC, Judge Fernando M. Olguin.

———————————

## ON MOTION

———————————

Before DYK, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

In each of the above-captioned appeals, Eric Malone moves for leave to proceed *in forma pauperis*. Having considered the parties' informal briefs, we now dismiss these appeals for lack of jurisdiction.

Mr. Malone filed an action in the United States District Court for the Central District of California against Toyota Motor Sales ("Toyota") seeking confirmation of an arbitration award related to a vehicle manufacture warranty. Toyota moved to dismiss for lack of jurisdiction, which the district court granted on December 19, 2022. Mr. Malone appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed on October 19, 2023. This court has since received two notices of appeal from Mr. Malone: one seeking review of the district court's dismissal, *see Malone v. Toyota Motor Sales*, Appeal No. 2024-1340, ECF No. 1, the other seeking review of the Ninth Circuit's decision, *see Malone v. Toyota Motor Sales*, Appeal No. 2024-1341, ECF No. 1.

We lack jurisdiction over Mr. Malone's notice of appeal from the district court's dismissal ruling because the appeal does not fall within the limited authority that Congress granted to this court to review decisions of federal district courts. *See* 28 U.S.C. § 1295(a). That jurisdiction extends only to cases arising under the patent laws, *see* 28

U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2).

An appeal from the district court's decision would belong in the Ninth Circuit, but that court has already affirmed the district court's decision. Because it is plainly not in the interest of justice to transfer that appeal to the Ninth Circuit under the circumstances, we decline to do so under 28 U.S.C. § 1631. We therefore dismiss that appeal. We must also dismiss Mr. Malone's appeal from the Ninth Circuit's decision because Mr. Malone has not identified any source of authority, and we are aware of none, that grants us jurisdiction to review such a decision.

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) The motions to proceed *in forma pauperis* are granted. All other pending motions are denied.

(3) The parties shall bear their own costs.

FOR THE COURT

April 2, 2024
Date

Jarrett B. Perlow
Clerk of Court